### WELCH v. DANIELS et al.

(Circuit Court of Appeals, Eighth Circuit. July 29, 1918.)

#### No. 5088.

JUDGMENT ☞828(4)—CONCLUSIVENESS—BILL—SUFFICIENCY.

A bill in federal court to quiet title to land in Oklahoma, which alleged a prior decree of the Oklahoma circuit court, quieting title in defendant and determining the invalidity of the marriage under which plaintiff asserted title, was void by reason of statutes of Arkansas, in which state the marriage was celebrated, *held* defective, and properly dismissed; there being no showing that such statutes were not put in issue by the pleadings, or that the decree of the Oklahoma court was not based on its interpretation thereof.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by Helen Welch against John A. Daniels, guardian, and others. From a decree dismissing the suit, complainant appeals. Affirmed.

Eugene S. Quinton, of Topeka, Kan., and George D. Rodgers, of Muskogee, Okl. (A. H. Vance, of counsel), for appellant.

A. C. Towne, of Miami, Okl., W. H. Kornegay, of Vinita, Okl., and A. C. Wallace, of Miami, Okl., for appellees.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. Appellant brought suit to quiet her title to lands in Oklahoma and for an accounting, claiming to have an interest in property as the widow of James Welch. The defendants were the daughter of James Welch, his administrators, and the receivers who had had possession of some of the property. The court sustained a motion to dismiss the bill, and this appeal is prosecuted from that order.

Appellant's bill alleged that she was married to James Welch in Arkansas on May 5, 1913, and that he died intestate in Oklahoma on July 26, 1913. She also alleged that the defendant daughter of James Welch had brought suit against appellant about three years before, in the district court of Ottawa county, Okl., seeking to annul appellant's marriage to James Welch and to quiet her title to these lands as against appellant, and had procured a decree by that court finding that James Welch did not have sufficient mental capacity to make a marriage contract, nor to ratify and confirm it thereafter, and finding that appellant

never was the wife of James Welch, and that the marriage was void, and the title to the lands was quieted in the daughter.

The bill charged that this decree was void because the court was without jurisdiction to annul the marriage by reason of certain statutes of Arkansas (Kirby's Digest 1904), quoted as follows:

"Sec. 5172. Every male who shall have arrived at the full age of seventeen years, and every female who shall have arrived at the full age of fourteen years, shall be capable in law of contracting marriage; if under those ages, their marriages are void."

Also:

"Sec. 5175. When either of the parties to a marriage shall be incapable, from want of age or understanding, of consenting to any marriage, or shall be incapable from physical causes of entering into the marriage state, or where the consent of either party shall have been obtained by force or fraud, the marriage shall be void from the time its nullity shall be declared by a court of competent jurisdiction."

The chief question in the case is whether appellant was entitled to relief against the daughter of James Welch, as appellant was not otherwise entitled to relief against the other defendants. The argument of appellant concedes that the decree of the Oklahoma district court conclusively determines this case against her, if that court had jurisdiction to enter such a decree. The District Court of Oklahoma is a court of general jurisdiction (section 10, art. 7, Const. Okl.), and appellant makes no complaint of its power to hear and determine that suit, but complains because the court did not apply the laws of Arkansas, relating to annulment of marriages, in deciding the case, and asserts that it had no jurisdiction if it did not apply those statutes.

Appellant claims that a proper construction of the Arkansas statutes prevents the annulment of a marriage except from and after the date of the decree. Without conceding that the Oklahoma court was bound to apply the Arkansas statute, we do not find it necessary to decide this, the only question presented by appellant, because it does not arise on the record. The bill alleged that the suit in the Ottawa county district court was one to annul the marriage and to quiet title to these lands, and it set forth the findings of fact and conclusions of law and the decree entered by that court, but it does not appear from anything alleged in the bill, that the Arkansas statutes were not made an issue by the pleadings, nor that the decree of the court was not based upon its interpretation and application of those statutes to the facts in the case.

As the claim of appellant that the decree was beyond the court's jurisdiction rests upon a basis of fact that has no foundation in the record, the decree will be affirmed.